Ristine *v.* Moore et al., Appellants.

Argued September 16, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Paul H. Ferguson,* with him *Lowell A. Reed, Jr.,* for appellants.

*Francis T. Dennis,* for appellee.

OPINION BY GUNTHER, J., November 11, 1959:

This is an appeal from an order of the court below affirming a decision of the Workmen's Compensation Board wherein the claimant was awarded compensation as the widow of the deceased who was killed while crossing a public highway on his way home from his place of employment. Claimant's decedent died as a result of injuries suffered when he was struck by an automobile on the evening of June 21, 1956. Claimant filed her petition on February 28, 1957, seeking compensation on the basis that her husband was in the course of his employment when he was struck down. The defendant denied the claim of employment at this time.

After hearing, the referee found that the decedent's death was the result of an accident sustained in the course of his employment and awarded compensation. This adjudication was appealed to the Workmen's Compensation Board, alleging error in failing to find that

decedent was not in the course of his employment at the time of the accident. The board modified the adjudication by specifically finding that the decedent was endeavoring to cross a public highway to arrive at a destination to perform additional duties for the defendant. The award was affirmed and an appeal was taken to the court below which affirmed the board. Hence this appeal.

The controlling facts are not in dispute. The defendant is a dealer in automobiles in Conshohocken, Pennsylvania and in connection with the dealership operated a garage. In addition to dealing in new automobiles, defendant operated repair trucks on a particular portion of the Pennsylvania Turnpike twenty-four hours a day. Decedent's employment with defendant was dual in character in that his daily duties were those of a general utility man around the garage while during some evenings, together with three other persons, he might be called at any hour by the drivers of Turnpike trucks for assistance with disabled vehicles on the Turnpike. The drivers of the trucks were supplied with the telephone numbers of each of the four persons who could be called. The first of such numbers was the home of the decedent; the second was the home of Edward F. Moore, Jr.; the third the home of Matthew J. Moore, and the fourth the home of a relief driver on the Turnpike work. Decedent lived closest to the garage, a distance of 150 or 200 feet. Apparently, decedent was first on the list because he was the type of person who was usually home when not working at the garage. However, decedent was not requested or expected to remain home for the purpose of receiving such calls except on those occasions when it was known in advance that the other persons on the list would not be available. Claimant testified that these calls came in a couple of times a week as a rule

but on the night of the accident, decedent received no calls so far as she knew.

The testimony disclosed that on the evening of June 21, 1956, decedent had done some painting on a home which Matthew Moore had purchased. This work was done for Mr. Moore personally. After completing his work, Mr. Moore drove decedent to the garage in a pick-up truck belonging to the defendant corporation and that this truck was parked outdoors on the garage property. Decedent then walked into the street in the direction of his home, which was located on the other side of the street just opposite the garage. However, he realized that the dealer's license tags had not been removed from the vehicle. He then returned, removed the tags, handed them to Mr. Moore and then turned again and walked into the street in the direction of his home. While in the act of crossing, he was struck by an automobile and died as a result of the injuries sustained. The testimony also disclosed that decedent was paid an hourly rate for the time he spent working for the defendant but that he kept his own time.

From these facts the referee found that the death of claimant's decedent was the result of an accident suffered while in the course of his employment, and he concluded that his widow is entitled to compensation under the provisions of the Workmen's Compensation Law. The board modified this finding of fact and stated that "The death of the claimant's decedent was a result of a fatal accident suffered while decedent was endeavoring to cross a public highway to arrive at a destination to perform additional duties for the defendant."

The sole question on this appeal is whether the finding of fact by the board can be supported by competent and substantial evidence. *Koza v. United States Steel Corporation*, 190 Pa. Superior Ct. 70, 151 A. 2d 823.

It is well settled that the findings of fact by the compensation authorities, if supported by the evidence, are binding upon the courts. *Diehl v. Keystone Alloys Company*, 189 Pa. Superior Ct. 149, 149 A. 2d 479; *Oliver v. Westinghouse Electric Corporation*, 186 Pa. Superior Ct. 604, 142 A. 2d 486. It is equally clear that our duty is to view the evidence in the light most favorable to the party in whose favor the board found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *Diehl v. Keystone Alloys Company*, supra; *Curran v. Walter E. Knipe and Sons, Inc.*, 185 Pa. Superior Ct. 540, 138 A. 2d 251; *Litman v. Litman*, 185 Pa. Superior Ct. 69, 137 A. 2d 918.

In determining whether a person was in the course of his employment or was actually engaged in the furtherance of the business or affairs of the employer at the time of injury is a question of law. In resolving that issue, each case must be determined in the light of the specific facts and circumstances of the employment. *Elliott v. Delmont Fuel Company*, 183 Pa. Superior Ct. 13, 127 A. 2d 777; *Coleman v. Fischer*, 164 Pa. Superior Ct. 261, 63 A. 2d 687. It is well established and beyond the necessity of citing authority that in the absence of special circumstances, an accidental injury in going to work or returning is not compensable.

The board, while recognizing this principle, concluded that special circumstances were present in the instant case. The board alludes to the fact that just prior to the accident, the decedent returned to remove the plates from the vehicle. Undoubtedly, had the accident occurred at this time, as he was returning to remove the plates, the conclusion that at this time he was in the performance of his duties would be warranted. However, the evidence discloses that this iso-

lated act was complete and that decedent again was returning to his home. The board concludes, further, that since the decedent could have and sometimes did accept turnpike calls at all hours of the night, the employer's premises could be extended to encompassing the decedent's home. In view of the evidence, however, this conclusion is unwarranted. The evidence disclosed that, on the average, decedent received calls twice a week and that there were weeks when no calls were received. The evidence also discloses that on the particular night in question, he did not receive any calls. If this reasoning is extended to its logical conclusion, we must conclude that decedent was engaged in the services of his employer twenty-four hours a day, 365 days a year. The facts simply do not bear out any such conclusion. The special circumstances referred to in the decisions must involve some clear-cut effort on the part of the employe, requested by the employer, which is involved either going to or coming from work. In the absence of such evidence, the general rules prevail.

We believe this case is controlled by the decisions as enunciated in *Eberle v. Union Dental Company*, 182 Pa. Superior Ct. 519, 128 A. 2d 136, and *Palko v. Taylor-McCoy Coal and Coke Company*, 289 Pa. 401, 137 A. 625.

The judgment of the court below is reversed.