Kenny *v.* Thornton-Fuller Company et al., Appellants.

Argued September 21, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Frank R. Ambler,* for appellants.

*Lawrence J. Richette,* with him *Meehan, Neil & Richette,* for appellee.

OPINION BY HIRT, J., November 11, 1959:

This is the claim of the widow of John Kenny for herself and on behalf of two minor children, under our Workmen's Compensation Law. The board affirmed a finding of the referee that Kenny came to his death from accident in the course of his employment and the lower court entered judgment on an award as affirmed by the board.

John Kenny was employed by Thornton-Fuller Company as a mechanic. He was well qualified to make repairs on automobiles and trucks. He with a number of other employes, worked the shift 4:30 p.m. to 1:00 a.m. On March 28, 1957 he was directed by the shop foreman, one Hansberry, to change twelve tires on two trucks; each tire with the wheel upon which it was mounted, weighed 125 pounds. The operation consisted in transferring the wheels with the tires upon them from one truck to the other. There were no witnesses to the circumstances leading up to Kenny's death. The shop foreman called his superior one Pardi, on the telephone and summoned him to the plant. When Pardi arrived at approximately 9:30 he found the work on the trucks completed, and he then saw Kenny's dead body lying on a stretcher just inside the rear door of the shop. Kenny's passenger automobile had been

driven from the street and was parked on company property with the front bumper at the doorway where Pardi saw Kenny's body lying. In Kenny's automobile there were eight new passenger-car tires, which Pardi believed to be company property—four on the back seat and four in the locked trunk.

Kenny on the day of his death apparently was in normal good health. He had not consulted a doctor for 12 years and never had given any evidence of a heart ailment. Pardi testified that he knew from experience the physical effort involved in the changing of the truck tires; that as supervisor of the service department he would have assigned two men to "that particular operation . . . it's too much work for one man." It is conceded that a coronary occlusion was the cause of Kenny's death, due to a pre-existing hypertensive cardiovascular disease. And there is further undisputed medical testimony to the effect that the lifting or handling of the heavy truck tires by Kenny "may well have precipitated sudden death from this pre-existing heart disease."

The defendant's answer to the claimant's petition in this case admits there was an accident and the controlling question before us is whether the proofs support the conclusion of the Workmen's Compensation authorities that Kenny died from overexertion in the course of his employment, i.e., while changing the truck tires without assistance. It is still the law in a Workmen's Compensation case that when the death may have resulted from one of two causes, for only one of which the defendant employer is liable, it is for the claimant to individuate that one as the actual cause of death. Cf. *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247.

The death of claimant's husband may have resulted from the normal progress of his existing heart disease

in which event there could be no recovery. An award of compensation in this case can rest only upon competent proof of an accident in the course of employment which caused death. It was claimant's contention, accepted by the court below, that Kenny was stricken and died from overexertion in the performance of the extraordinary work assigned to him of changing the truck tires without a helper. The difficulty with that view is the failure of claimant to meet the burden upon her in the record before us of individuating overexertion in the course of employment as the accidental cause of death, and under the principle of the *Gausman* case there can be no recovery on this record. Evidence as to what occurred depended solely on testimony of Pardi which in turn was largely based on a conversation between Pardi and decedent's foreman at about 9:30 p.m. on the evening of March 28, 1957 following Kenny's death. Pardi testified that he had directed Hansberry to see to it that the truck tires were changed on the 4:30 p.m.-1:00 a.m. shift. Pardi was permitted to testify over defendant's objection that during the conversation Hansberry testified that he had assigned the job to Kenny of changing the truck tires alone, without a helper. To this extent what Pardi related of the conversation with Hansberry at 9:30 p.m. on the night in question, was competent evidence. This evidence was properly admitted as an exception to the hearsay rule. It was a statement made by an agent in respect to the business of the employer, i.e., assignment of a specific job which in the instant case Hansberry as defendant's agent was employed to do, and which was within the scope of Hansberry's employment. Henry, Pa. Ev. 4th Ed. §94. However, Hansberry's additional statement to Pardi that he last saw Kenny alive "before lunch" (which was between 8:30 and 9:00 p.m.) was largely narrative of a past

event and could not qualify as a res gestae declaration under the circumstances. There is no evidence as to how soon after the main event the alleged statement was made. Cf. *Haas v. Kasnot*, 371 Pa. 580, 92 A. 2d 171. The only additional fact established by competent evidence was that the work of changing the truck tires had been completed when Pardi arrived after Kenny's death. Accordingly, even if it be inferred from the circumstances that decedent carried out his superior's orders without assistance it is still a matter of speculation as to when the work of changing the truck tires was begun, when it was completed, and when death occurred. Claimant's medical testimony was predicated upon the assumption (without competent evidence in support of it) that "there was this pre-existing exertion 30 minutes before death." Accordingly plaintiff failed to establish by competent evidence that decedent's death from his heart condition resulted from accidental injury. Under our Workmen's Compensation Law, to support an award of compensation there must be proof that the injury complained of resulted from an accident. *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381. Such proof is entirely lacking in this case. While the proofs in this case do not individuate a compensable accident from overexertion in the course of decedent's employment, we are convinced that in the interest of justice the case must be remanded to the Workmen's Compensation Board for further hearing on all issues involved. And on the issue of a compensable accident from overexertion in the course of employment, Hansberry, Kenny's immediate superior should be produced as a witness or his testimony taken on depositions.

We find no error in the rejection of the defendant's second contention that compensation should be denied because decedent was stricken while in the act of steal-

ing tires from his employer. Employes of the defendant were not allowed to drive their cars onto company property; they were obliged to park their cars on the street. The company rules were violated when Kenny's car was driven to the rear door of the plant. Moreover there was a strong suspicion that the tires in his automobile belonged to the employer. However there was no proof that Kenny stole the tires. There is evidence in the testimony of Pardi that there were shortages every month, from pilfering, in the company's inventories, both before and after the one month of Kenny's employment. The defense that an employe sustained injuries in the course of an act in direct violation of law is an affirmative defense, *Haas v. Brotherhood of Transp. Workers*, 158 Pa. Superior Ct. 291, 44 A. 2d 776, and the burden of proof rests on the employer to establish this defense by the clear preponderance of evidence approximating that required in a criminal case. *Skiba v. Nick Calvitti Coal Co.*, 153 Pa. Superior Ct. 628, 34 A. 2d 921. At the remand hearing this issue also will be before the compensation authorities. Hansberry may be able to throw some light on this material question.

For these purposes the case is remanded for further proceedings on all issues.