Lawrence *v.* Delmont Fuel Company et al., Appellants.

Argued June 17, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Robert W. Smith, Jr.,* with him *B. Patrick Costello,* and *Smith, Best & Horn,* for appellants.

*Joseph M. Loughran,* for appellee.

OPINION BY GUNTHER, J., September 16, 1960:

This is an appeal from the order of the court below affirming the decision of the Workmen's Compensation Board in awarding claimant compensation for total disability arising from an accidental injury.

Claimant, John Lawrence, was employed by Delmont Fuel Company as a mechanic. On February 26, 1957, he was engaged in installing a trunnion on a shuttle car used in hauling coal. While he was so engaged, and as he was attempting to place the trunnion in the spline, the trunnion turned in his hands and twisted his back. Claimant notified his immediate su-

perior of the accident but remained on the job until his work shift ended shortly after the accident. He went home and went to bed and when he could not get out of bed the next day, he consulted his family physician who, in turn, referred him to an orthopedic surgeon.

A claim petition was filed on July 1, 1957, and an answer was filed by the employer, denying the occurrence of an accident. Testimony was taken at the conclusion of which the referee awarded compensation to the claimant. From this adjudication, an appeal was filed to the board and on August 13, 1958, the board sustained the findings of the referee. However, since there was a conflict in the medical testimony as to the extent of the disability, the board remanded the record for the appointment of an impartial physician to determine the extent of disability. The referee again found in favor of the claimant and, from the testimony of the impartial physical examination, found that claimant was totally disabled as a result of the accident. An appeal was again filed with the board from this determination and the board, in an opinion dated May 27, 1959, again sustained the referee's determination that an accident occurred within claimant's course of employment resulting in total disability. From this determination, an appeal was filed in the court below which affirmed the action of the board.

On this appeal, as in the court below, the sole question raised is whether the claimant met the burden of proving that he sustained an accident resulting in total disability. Appellants contend that claimant, being the sole witness as to the cause of the injury, did not present sufficient evidence to sustain a finding of an accidental injury.

It is, of course, true that to support an award of compensation, there must be proof that the injury com-

plained of resulted from an accident. *Kenny v. Thornton-Fuller Co.*, 190 Pa. Superior Ct. 552, 155 A. 2d 220; *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381. In compensation cases, we must, on appeal, view the evidence in the light most favorable to the prevailing party, giving that party the benefit of every inference which can be logically and reasonably drawn. *Ristine v. Moore*, 190 Pa. Superior Ct. 610, 155 A. 2d 456. If there is competent and substantial evidence in the record to sustain the findings of the board, they are conclusive and cannot be disturbed by us on appeal.

An examination of the testimony in this record reveals that the injury was caused in an unusual manner. Claimant, in order to seat the trunnion into the spline of the shuttle car, had to work in a stooped position because he had a clearance of only three inches from the roof to the shuttle car. The trunnion weighed between eighty and ninety pounds and this weight had to be supported on the legs in order to fit it into the spline. Normally the clearance would be eighteen inches so that the head of the installer does not have to be twisted to try to fit this mechanism into the spline. Claimant stated that as he got the trunnion into the spline, he had to turn it to fit it and get it into position. As he turned the trunnion, it did not seat and actually turned in his hand and twisted his back in the position he had to work to try to get the trunnion in place. The claimant was working alone and as the trunnion turned in his hand, he felt a pain and was forced to let go. The piece stuck in the spline and claimant "laid on the ground, straightened myself up a little, got back up—I picked up the post and pried it into place." The testimony further disclosed that this trunnion was more greasy than others on which he had worked.

We believe this testimony was sufficient to sustain the finding of an accidental injury. The word "accident" must be interpreted in its usual, ordinary and popular sense. Webster has defined it as "an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event; chance; contingency." If the act or incident which gives rise to the injurious result complained of can be classed properly as a mishap or a fortuitous happening which is not expected or designed, it is an accident within the meaning of the Workmen's Compensation Law. *Mauchline v. State Insurance Fund,* 279 Pa. 524, 124 A. 168; *Lacey v. Washburn & Williams Co.,* 309 Pa. 574, 164 A. 724.

The order of the court below is affirmed.