## Gasparovich *v*. Federal Reserve Bank of Cleveland et al., Appellants.

138

Argued November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

 

*Elmer G. Klaber*, for appellants.

*Hymen Schlesinger*, for appellee.

OPINION BY GUNTHER, J., December 14, 1960:

This appeal is from the order of the County Court of Allegheny County affirming the decision of the Workmen's Compensation Board awarding the claimant, Frank Gasparovich, compensation for total disability arising from an accidental injury.

On May 6, 1957, claimant was employed as a day janitor by the Pittsburgh Branch of the Federal Reserve Bank of Cleveland. Prior to being so employed, he was examined physically by the employer's doctor, Dr. Carl E. Stahl, and was passed as being in a satisfactory condition of health. His work as a porter were those generally incidental to that type of work, such as cleaning and polishing inside and outside the bank building and the lifting, handling, and storing

of coins in the vault. In connection with the latter duty, claimant was required to take each of the money bags from a skid, weigh it and store it in piles inside the vault.

On the afternoon of November 26, 1957, claimant was stacking 55 pound bags of coins from the scales to the floor. He was in a kneeling and somewhat cramped position and, while lifting a bag of coins from the scales, he twisted his back and had immediate pain. He testified that the scale was behind him and that the injury occurred when he picked up the sack from behind and turned around to place the bag on the floor. The room where he was working was small, an area approximately 2½ feet wide and 4 feet long. Claimant was working with another employe, James Pryor, at the time, to whom he complained that he hurt his back. He finished his work that day and reported the accident the following morning, and went to the dispensary the following day. He continued working until December 10, 1957 and thereafter was referred to Dr. Harry Fisher at his own request.

The claim petition filed on May 2, 1958 reiterated the circumstances of his injury and his employer filed an answer denying there was an accident and alleged that any disability claimant had was the result of a previous back injury which required removal of a disc on or about August 31, 1955. The referee awarded compensation to claimant and the board affirmed the findings of fact and conclusions as well as the award. From this award an appeal was filed in the court below which affirmed the award of the board.

On this appeal, as well as in the court below, the sole question raised is whether, in view of a pre-existing back condition, claimant met the burden of proving that he sustained an accident resulting in total disability. Appellant contends that, in view of the pre-

vious back condition, claimant has failed to produce clear proof of an accident.

In order to support an award of compensation, there must be proof that the injury complained of actually resulted from an accident. *Lawrence v. Delmont Fuel Company,* 193 Pa. Superior Ct. 65, 163 A. 2d 684; *Kenny v. Thorton-Fuller Co.,* 190 Pa. Superior Ct. 552, 155 A. 2d 220; *Harring v. Glen Alden Coal Co.,* 332 Pa. 410, 3 A. 2d 381. We must, however, on appeal view the evidence in the light most favorable to the prevailing party, giving him the benefit of every inference which can be logically and reasonably drawn. *Lawrence v. Delmont Fuel Company,* supra.

The evidence produced discloses that claimant was working in confined quarters and in a kneeling position took a sack of coins from the scale and swung around to the left and twisted his back on the left side. The twist in moving a 55 pound bag of coins in this position and in cramped quarters may well be construed as such an unusual, unexpected or fortuitous circumstance as to be defined as an accident. The word "accident" must be interpreted in its usual, ordinary and popular sense and if the act complained of can be classed as a mishap which is not expected or designed, it is an accident within the meaning of the Workmen's Compensation Law, 77 P.S. section 1 et seq. *Lawrence v. Delmont Fuel Company,* supra; *Lacey v. Washburn & Williams Co.,* 309 Pa. 574, 164 A. 724. The twist itself is the sudden, untoward, unexpected, fortuitous event and satisfies the definition of an accident. *Falls v. Tennessee et al.,* 122 Pa. Superior Ct. 550, 186 A. 272.

Claimant testified that he also informed the nurse in the dispensary, Betty Hasley, who testified she did not recall the statement. He also informed the employer's doctor, Dr. Carl E. Stahl, who examined him

shortly after the accident, but Dr. Stahl was not called to testify.

Dr. Harry Fisher, orthopedic surgeon, testified he first saw claimant on December 12, 1957, when claimant stated he twisted his back. Dr. Fisher found tenderness localized to the left side of the back over the fourth lumbar vertebra with marked paralumbar spasm. Reflexes at the left knee and ankle were depressed and the motion of the back was limited in all directions. He was of the opinion that claimant had sustained a recurrent protusion of the intervertebral at the fourth vertebra due to the accident sustained on November 26, 1957. He stated that claimant was totally disabled. He felt that a fusion operation was indicated. Under cross-examination, Dr. Fisher testified that after the operation in 1955, he felt that claimant's back was stable and that he was able to do physical work, but that no one has an absolutely normal back after any surgical procedure.

Claimant, after his recovery in 1955, returned to work and continued to work normally for Crucible Steel Company and welded for Salem-Brosius, and Welding and Machine Company, doing heavy work for all.

Dr. William C. Wyckoff, appellant's witness, testified that he examined claimant on November 10, 1958, and he felt that claimant had a lot of back trouble, to which he referred as an unstable or mechanically poor lumbar spine and that claimant probably had a recurrence or exacerbation of a previously injured intervertebral disc. Under cross-examination, he stated that claimant was totally disabled for heavy work or lifting but probably could do some light things which didn't involve any strain on his back. He, too, felt further surgery was necessary to alleviate claimant's discomfort.

While there was conflict in the evidence, the board found that the previous injury of claimant had no causal connection with the present injury. It conceded and agreed with Dr. Fisher's evaluation that an operated back is not as sound as a normal back but concluded that this did not mean that claimant could be classified in the category of a pre-existing ailment aggravated by the performance of his regular work in the usual manner so as to preclude an award. A review of this record discloses that the findings of the board are based upon competent evidence which is credible and substantial. The determination based on such evidence is conclusive and cannot be disturbed by us on appeal. Credibility of witnesses is for the fact-finders and appellant cannot be heard to complain here on that ground. We believe the testimony produced was sufficient to sustain the finding of an accidental injury.

The order of the court below is affirmed.

---

DISSENTING OPINION BY WRIGHT, J.:

I would reverse and enter judgment for the appellants.

The lifting of money bags was part of claimant's regular job. On November 26, 1957, he was performing this work in normal fashion. There was clearly no accident in the ordinary lay understanding of the term.

The record discloses that on April 26, 1954, while working for the Federal Enameling and Stamping Company, claimant sustained an accidental injury to his back, for which he underwent a laminectomy on August 31, 1955. When he started working for appellant on May 6, 1957, he was still receiving compensation for partial disability. His surgeon testified that

claimant's present condition was a recurrent protusion of the inter-vertebral disc at the fourth lumbar vertebra. The laminectomy had involved precisely the same area. Since it is apparent that claimant was not a normal healthy individual but suffered from a pre-existing back condition, the "unusual and unexpected pathological result" theory of recovery does not apply.