Cyrus LEPORT, Jr., Plaintiff,

v.

WHITE RIVER BARGE LINE, Defendant.

Civ. No. 61–552.

United States District Court
W. D. Pennsylvania.

Dec. 26, 1961.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Norman J. Cowie, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

In this action, plaintiff asserts a claim under the Jones Act and general maritime law for personal injuries sustained on the Ohio River within the territorial waters of West Virginia. He also asserts a cause of action for refusal to permit him to leave the vessel at Pittsburgh and obtain medical treatment. Defendant, an individual residing in Arkansas and trading and doing business there under the assumed fictitious name, White River Barge Line, moves to dismiss this action on the grounds of lack of personal jurisdiction of the defendant and improper venue. Because of the Court's decision on the jurisdictional point, the second basis for dismissal will not be considered.

Service of process upon defendant was attempted under the Non-Resident Vessel Owners' Act, Act of November 10, 1959, P.L. 1404, 12 P.S. §§ 336, 337 (Purdon's Supp.1961), which provides in part as follows:

"Any nonresident of this Commonwealth, being the owner or operator of any vessel, who shall accept the privilege, extended by the laws of this Commonwealth to nonresident operators and owners, of operating a vessel in the waters of this Commonwealth or of using its port facilities or ports, or both, or any resident of this Commonwealth who shall subsequently become a nonresident of this Commonwealth, being the operator or owner of any vessel in the waters of this Commonwealth, shall, by the operation of a vessel in the waters of the Commonwealth or of using its port facilities or ports, make and constitute the Secretary of the Commonwealth his agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States Courts in Pennsylvania against such operator or owner of such vessel *arising out of, or by reason of, any accident or collision, occurring within the waters of the Commonwealth in which such vessel is involved.* (Emphasis added) 12 P.S. § 336.

The narrow issue presented, therefore, is whether a breach of the maritime obligation to furnish an injured seaman with medical care is an "accident" within the meaning of the Act. The Act under consideration is substantially similar to the other substituted service statutes enacted in the Commonwealth: Non-Resident Motorists Act, Act of May 14, 1929, P.L. 1721, as amended, 75 P.S. § 2001 et seq. (1960) ("accident or collision"); Non-Resident Property Owners' Service Act, Act of July 2, 1937, P.L. 2747, 12 P.S. § 331 et seq. (1953) ("accident or injury"); and Non-Resident Owners and Operators of Aircraft Act, Act of May 7, 1935, P.L. 130, as amended, 2 P.S. § 1410 et seq. (Supp.1961) ("accident or collision"). Apparently the

term "accident" as used in these Acts has never been defined by the appellate courts of Pennsylvania. In construing the accidental death provisions in a policy of life insurance, however, the Superior Court has recognized "the difficulty of formulating a definition of accident or even accidental means that is precise and may be applied readily to a given state of facts." Adams v. Metropolitan Life Insurance Company, 136 Pa. Super. 454, 459, 7 A.2d 544, 547 (1939). And, in the construction of a lease, the Court of Appeals for the Third Circuit gave the following definition:

" 'Accident' is a word of broad scope and includes many unfortunate occurrences not anticipated in the ordinary course of affairs. The wilful act is not embraced by the word, but the negligently-caused happening is understood to be an 'accident'. This is the popular denotation of 'accident', and use of the word in the lease is precise enough language to relieve the defendant-lessee from liability for its negligently-caused fire." Hardware Mutual Ins. Co. v. Snyder, Inc., 242 F.2d 64, 68 (3rd Cir., 1957).

Standard dictionaries define the term as "an unusual, fortuitous, unexpected, unforeseen or unlooked for event, happening or occurrence." While such definitions are helpful, they nevertheless are not determinative of the intent of the legislature in this particular instance. Keeping in mind the mandate of the Supreme Court of Pennsylvania that substituted service statutes must be strictly construed, Rufo v. The Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961), the Court is of the opinion that the Act contemplates physical contact with the plaintiff in the course of the operation of the vessel by the non-resident. Had the legislature intended to provide for substituted service in actions arising from a tortious breach of this maritime obligation, it could easily have done so by adding the words "acts or omissions."

" * * * The words employed by the legislature have meaning and are not to be disregarded under the guise of judicial interpretation or construction. To hold otherwise * * * is to legislate and that we cannot do." Rufo v. The Bastian-Blessing Company, Id. at 20, 173 A.2d at 127.

Accordingly, the Motion to Dismiss must be granted. An appropriate order is entered.