**Bologna v. Harmar Coal Co.**

*Robert C. Little* and *Burns & Manley*, for appellant.
*John Wusels*, for appellee.

LENCHER, P. J., November 8, 1962.—The appeal of the employer and one of its insurance carriers as herein noted raises the problem frequently appearing in workmen's compensation cases of liability where two accidental injuries are alleged and established. The problem of which of the two insurance carriers is directly raised by the Bituminous Casualty Corporation, carrier of the employing coal company's workmen's compensation liabilities, in the second of the two accidents herein delineated. The referee heard all the evidence as to all possible liabilities in one common record. A remand by a court en banc here for purposes not here pertinent made it possible then for the Workmen's Compensation Board to review and hear and determine both of the problems herein suggested twice.

Such cases as Gammaitoni v. Gasparini, 185 Pa. Superior Ct. 463, 139 A. 2d 679, allocatur refused, and Gasparovich v. Federal Reserve Bank, 194 Pa. 137, 166 Atl. 57, exemplify the situation which here confronts us. Clearly the claimant sustained an injury, May 7, 1957, when a log fell on him while at work. On January 18, 1958, he stepped into a hole, fell to the ground, sustaining some injury to his lower back where

he had endured pain. He sometimes had to use a stick to assist him in walking, but there was comparatively small interference in his work, but when the second accident occurred, he did not work the following day, was hopsitalized during February, 1958, claimed total disability after April 25, 1958. The referee so found, dismissed claimant's Claim Petition No. 150,822, alleging the earlier accident, and awarded compensation to claimant under Claim Petition No. 150,812 for the latter accident. The award provided compensation to claimant for 75 percent partial disability for four days in February, 1958, to April 13, 1958, inclusive, and 75 percent partial disability from April 29, 1958, and to contiuue into the future for an indeterminate time.

Pointing to the real core of the matter presently before us, the coal company and its insurance carrier, Bituminous Casualty Corporation, insist that disability resulted from the first accident in point of time. A finding of the exact date of January, 1958, and a proper modification of medical hospital bills was added by the board, is not here challengeable or challenged.

In the Gammaitoni case, supra, claimant was digging a ditch, April 1, 1953. There was unusual hardness in the ground; in putting forth extra effort to sink his shovel in the ground, he sustained an injury. The judgment sustaining the award was affirmed since there had been some strain, sprain or twist, an accident, even though it resided in the extraordinary nature of the effect rather than in the cause, but this was held to be an unexpected, unusual pathological result. That is to say, a preexisting condition which was aggravated in the ordinary performance of work, would not lead to compensation; some connection would have to exist between a preexisting condition and an accident in the ordinary definition of the term. In Gasparovich, supra, we have the traditional example where a man had sustained a back injury which required the removal of a disc, and

two years and three months later, while taking money bags from a skid, weighing them, storing them, stacking them in kneeling in a cramped position, he lifted a bag, swung around and twisted his left side with immediate pain in the very same locality where the disc had been removed two years and three months before. There, the appellate court affirmed the award holding that in order to support an award of compensation, there must be proof that the injury complained of actually resulted from an accident. The word "accident" must be interpreted in its usual, ordinary, and popular sense, and if the act complained of can be classed as a mishap which is not expected or designed, it is an accident within the meaning of the Workmen's Compensation Law. Findings of fact by the board, based upon competent evidence which is credible and substantial, are conclusive and cannot be disturbed on appeal. The credibility of the witnesses is for the fact-finders, and a party cannot be heard on appeal to complain of the findings of the compensation authorities as to the credibiity of witnesses. In workmen's compensation cases, the appellate court must view the evidence in the light most favorable to the prevailing party, giving him the benefit of every inference which can be logically and reasonably drawn. At bar it is not contended that we do not have "an accident" in the usual, ordinary and popular sense, since falling into the hole to the ground is clearly a mishap, not expected or designed, and is well within an accident within the meaning of the Workmen's Compensation Law, 77 PS §1 et seq.; Lawrence v. Delmont Fuel Co., 193 Pa. Superior Ct. 65, 163 A. 2d 684; Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 Atl. 724. The fall itself is the sudden, untoward, unexpected, fortuitous event, and satisfied the definition of an accident: Falls v. Tennessee, 122 Pa. Superior Ct. 550, 186 Atl. 272.

The medical testimony by Dr. Paul Caplan, pp. 13 et seq., Dr. F. W. Nicklas, pp. 21 et seq., Dr. G. H. Gray, pp. 44 et seq., varies from a declaration of total disability for heavy work, 75 percent disability for overall purposes, declaration that the first accident had some "bearing on the development of his present condition," that the second accident "itself precipitated the present disability," that on May 20, 1957, claimant had no disability, that the first accident was the primary cause, and the second one an aggravating factor. To all of this the board indicates a thorough review, and declares support for the finding of its referee that disability did not result from the first injury, but resulted from the accident of January, 1958. As we said and did in Morgan v. Pittsburgh Business Properties, 198 Pa. Superior Ct. 254, where the claimant had three separate accidents and the correct legal position of insurance carriers was doubtful, here at bar as to Bituminous and as we did in Morgan, we have carefully reviewed this entire record and considered the appeal on all factual and legal merits. Looking at the evidence and inferences as a jury would look upon them, and conceding the possibility of refusal of an award or a remand to determine more specifically the link between this present back injury and the first occurrence, nevertheless the findings must now be resolved favorably to the claimant, who has the award. The board, as the judge of credibility and weight, may accept or reject the testimony of the witnesses in whole or in part, both lay and expert: Santillo v. Pgh. Rys' Co., 181 Pa. Superior Ct. 266, 124 A. 2d 657. Where testimony is in conflict, it is the function of the board to resolve the conflicts; evaluation of the testimony is within the board's province; disability involves many factors; they are questions of fact invariably for the board, and the findings by the compensation authorities of 75 percent disability when work was available early in 1958, their findings of total

disability from February 25, then to March and through April 13, 1948, and the return to work after which there was 75 percent disability, the medical and hospital bills as set out in the findings of the board and the amendment and modifications already noted, may not be disturbed on this adequate record so carefully passed upon and considered in detail twice by the workmen's compensation authorities.

A careful examination of such cases as Shiery v. Lauffer, 197 Pa. Superior Ct. 209, 177 A. 2d 455, and the application of the appellate court guidance there indicated makes clear the ground for finding here that there was ample notice to both insurance carriers, each has been fully heard by the board and by us as to all possible questions in the case; the second incident may be and was on competent evidence found to be a separate accident, not a mere recurrence, not mere disability, not even aggravation of a preexisting condition alone, but aggravation with clear proof of an accident in the ordinary lay understanding of that term; to wit, a fall to the ground in the hole: Landis v. General Motors, 180 Pa. Superior Ct. 332, 119 A. 2d 645. We have no power to base action upon our appraisal of the evidence. We could not now remand or reinstate an order we declare factually based. This we have no power to do: Bogavich v. Westinghouse Elec. & Mfg. Co., 162 Pa. Superior Ct. 388, 393, 57 A. 2d. 598. Our review is limited to a determination as to whether there is legally competent evidence to sustain the fact-finder's finding and conclusion that there was, not an incident, not mere aggravation or disability, but an accidental injury within the meaning already discussed. Competent evidence so pointing, now resolved in favor of the award, we are powerless to reverse.

### Amended Order

And now, November 20, 1962, the order of November 1, 1962, is republished insofar as the specific liquidation

of the judgment is concerned which is now entered in favor of the claimant, Nick Bologna, and against Harmar Coal Company, defendant, and its insurance carrier, Bituminous Casualty Corporation.