Cyrus LEPORT, Jr., Appellant,

v.

WHITE RIVER BARGE LINE.

No. 13980.

United States Court of Appeals
Third Circuit.

Argued Dec. 14, 1962.

Decided March 7, 1963.

Rehearing Denied March 28, 1963.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Norman J. Cowie, Pittsburgh, Pa. (Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER and FORMAN, Circuit Judges, and ROSENBERG, District Judge.

KALODNER, Circuit Judge.

Is negligent breach of a duty imposed by law to furnish medical care to an injured seaman an "accident" within the meaning of the Pennsylvania Non-Resident Vessel Owners' Act [1] which provides for service of process on a non-resident owner or operator of a vessel by serving the Secretary of the Commonwealth in an action against such owner or operator "arising out of, or by reason of, any accident or collision, occurring within the waters of the Commonwealth in which such vessel is involved."

The District Court answered the question in the negative. The issue is novel in that the precise question has never been decided by the appellate courts of Pennsylvania nor any of its inferior courts as far as our research and that of counsel has disclosed. That being so we are required to consider such approach to the problem as may be indicated by Pennsylvania cases in the general field and to resort to general applicable principles, if necessary, to reach a decision consistent with Pennsylvania law. In sum, it is incumbent on us to make our own determination of what the Pennsylvania Supreme Court would probably rule in interpreting the word "accident" as used in the Pennsylvania Non-Resident Vessel Owners' Act ("Pennsylvania Act").

The plaintiff brought a civil action against the defendant in the District Court of the Western District of Pennsylvania under the Jones Act [2] for negligence and under the general maritime law for unseaworthiness to recover damages for personal injuries sustained by him while employed as a seaman upon a vessel owned and operated by the defendant. The plaintiff averred in the complaint that he sustained injuries to his hand, arm and shoulder by reason of the negligent navigation of the vessel while it was bound up the Ohio River on a voyage from Point Pleasant, West Virginia, to Pittsburgh, Pennsylvania. The complaint also charged, in substance, that plaintiff's injuries were aggravated by failure to provide him with medical care when the vessel reached Pittsburgh and the refusal of the Master of the vessel to permit him to go ashore for medical treatment. It further appears in the complaint that the plaintiff is a resident and citizen of West Virginia and that the defendant is a citizen of Arkansas with its principal office in that State.

The summons was served on the Secretary of the Commonwealth on the theory that the defendant's vessel had been "involved" in an "accident" when it failed to provide the plaintiff with medical care at Pittsburgh, thereby making applicable the substituted service provisions of the Pennsylvania Act. The defendant's motion to dismiss challenged the service of the summons under the Pennsylvania Act thereby presenting the issue of the jurisdiction of the Court over the defendant's person. The motion to dismiss also raised the issue of lack of venue.

The District Court dismissed the complaint on the jurisdictional ground. It

1. Act of November 10, 1959, 12 P.S. §§ 336, 337 (Supp. 1962).

2. 46 U.S.C.A. § 688 (1952 ed.).

held that the word "accident" did not encompass breach of the maritime obligation to furnish an injured seaman with medical care and that the service of the summons was invalid for that reason under the Pennsylvania Act. 215 F.Supp. 220 (W.D.Pa.1962).

We held in Branic v. Wheeling Steel Corporation, 152 F.2d 887, 888 (3 Cir., 1946) that "the facts establishing jurisdiction over the person * * * must ordinarily be ascertained from the return of the service of the summons." That brings us to the question as to whether the Pennsylvania Act by its provisions was applicable so as to permit the service of the summons on the Secretary of the Commonwealth.

Section 336 of the Pennsylvania Act provides as follows:

"§ 336.  Nonresident owner or operator of vessel

"Any nonresident of this Commonwealth, being the owner or operator of any vessel, who shall accept the privilege, extended by the laws of this Commonwealth to nonresident operators and owners, of operating a vessel in the waters of this Commonwealth or of using its port facilities or ports, or both, or any resident of this Commonwealth who shall subsequently become a nonresident of this Commonwealth, being the operator or owner of any vessel in the waters of this Commonwealth, shall, by the operation of a vessel in the waters of the Commonwealth or of using its port facilities or ports, make and constitute the Secretary of the Commonwealth his agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States Courts in Pennsylvania against such operator or owner of such vessel arising out of, or by reason of, any accident or collision, occur-ring within the waters of the Commonwealth in which such vessel is involved.  1959, Nov. 10, P.L. 1404, § 1."

Section 337 of the Act provides in relevant part:

"§ 337.  Appointment irrevocable; personal representative; service; party

"A nonresident operator, or owner, of a vessel which is involved in an accident or collision within the waters of this Commonwealth, shall be deemed to have consented that the appointment of the Secretary of the Commonwealth as his agent for the service of process, pursuant to the provisions of this act, shall be irrevocable and binding upon his personal representative, executor or administrator. * * *"

In construing the Pennsylvania Act we must apply the settled rule in Pennsylvania that substituted service statutes must be strictly construed.

The rule was succinctly summarized in Williams v. Meredith, 326 Pa. 570, 572, 192 A. 924, 925, 115 A.L.R. 890 (1937) as follows:

"The long-established principle of universal application is that statutes in derogation of the common law must be strictly construed. This rule has been steadfastly adhered to in the construction of statutes governing the service of process."

In Rufo v. The Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961) the Supreme Court of Pennsylvania declared that a "legislatively prescribed limitation" relating to jurisdiction in a substituted service act must be strictly construed.

In Rufo the service statute under consideration was Section 1011B of the Business Corporation Law of Pennsylvania [3] which provided for service of process on an unregistered foreign business corporation by serving the Secretary of the

3.  15 P.S. § 2852–1011, subd. B.

Commonwealth "in any action arising out of acts or omissions of such corporation within this Commonwealth". The issue there presented was whether the words "acts or omissions" in the statute could be construed to mean "where the injury arose" or "where the right or cause of action arose".

Since in the instant case the plaintiff contends that the word "accident" as used in the statute here concerned can be construed to include negligent breach of a duty to furnish medical care what was said in Rufo is of particular pertinence.

Said the Court at page 20, 173 A.2d at page 127:

"The question is not where the injury occurred or where the cause of action arose; where did the company's negligent acts or omissions take place? If the legislature meant 'cause of action' or 'right of action', it could and would have so stated. Indeed, if the legislature meant 'cause of action' or 'right of action' it would have omitted the words 'out of acts or omissions of the corporation' and the provision would have read 'in any action arising within the Commonwealth.' The words employed by the legislature have meaning and are not to be disregarded under the guise of judicial interpretation or construction. To hold otherwise,—i. e. that *'act'* means *'injury'*—is to legislate and that we cannot do."

and at pages 21–22, 173 A.2d at page 128.:

"It is clear that the Pennsylvania legislature did not choose to exercise the full extent of jurisdiction conferred upon it and did not make foreign corporations suable as extensively as it could constitutionally have done. Through the medium of Section 1011, subd. B, the legislature has validated service upon a non-registered foreign corporation by service upon the Secretary of the Commonwealth only in a restricted area, i. e. where the action arose out of acts or omissions of the corporation within the Commonwealth *and* where a corporation has 'done business' in Pennsylvania within the meaning of Section 1011, subd. C.

"Under the language of Section 1011, subd. B, the commission of 'acts' or 'omissions' on the part of the foreign corporation is a jurisdictional sine qua non. Only by a distortion of the language employed by the legislature can 'acts or omissions' on the part of the foreign corporation be equated with 'where the injury arose' or 'where the right or cause of action arose'. It is a legislative, not judicial, function to extend or enlarge jurisdiction over foreign corporations and the legislature has seen fit to enlarge such jurisdiction subject, inter alia, to the limitation that the action must arise out of 'acts or omissions' of such foreign corporation within Pennsylvania. Such legislatively prescribed limitation is binding upon us."

Applying the principles stated in Rufo we are of the opinion that the word "accident" in the Pennsylvania Act cannot be construed to encompass a negligent breach of duty to furnish medical care and that the District Court properly dismissed the plaintiff's complaint for that reason.

In Lawrence v. Delmont Fuel Co., 193 Pa.Super. 65, p. 69, 163 A.2d 684, p. 686 (1960) it was said:

"The word 'accident' must be interpreted in its usual, ordinary and popular sense. Webster has defined it as 'an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event; chance; contingency.' If the act or incident which gives rise to the injurious result complained of can be classed properly as a mishap or a fortuitous happening which is not expected or designed, it is an accident within the meaning of the Workmen's Compensation Law."

In Gasparovich v. Fed. Reserve Bk. of Cleveland, 194 Pa.Super. 137, p. 140, 166

A.2d 57, p. 59 (1960) where counsel for the plaintiff in the instant case also appeared as counsel, it was said:

"The word 'accident' must be interpreted in its usual, ordinary and popular sense and if the act complained of can be classed as a mishap which is not expected or designed, it is an accident within the meaning of the Workmen's Compensation Law * * *."

In the recent case of Casper v. American Guarantee and Liability Insurance Company, 408 Pa. 426, 184 A.2d 247 (1962) the Supreme Court of Pennsylvania subscribed to the definition of "accident" in the foregoing cases and cited the holding in United States Mutual Accident Association v. Barry, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60 (1889) that an "accident", within the meaning of an insurance policy, is an event "happening by chance unexpectedly taking place, not according to the usual course of things or not as expected." It further stated that "It seems clear that an accident is the antithesis of something likely to occur, foreseeable in due course. If an occurrence is the ordinary and expected result of the performance of an operation, then it cannot be termed an accident. To constitute an accident, the occurrence must be an 'unusual or unexpected result attending the operation or performance of a usual or necessary act or event.' "

The court in Casper cited with approval Kuckenberg v. Hartford Accident and Indemnity Co., 226 F.2d 225 (9 Cir., 1955). There the plaintiff did considerable blasting during the construction of a highway which caused debris to slide down upon the tracks of a railroad causing considerable damage. Plaintiff had anticipated that damage would occur and had taken steps to minimize it by covering the tracks with thick layers of dirt. It was held that the damage was not the result of an "accident" within the terms

of a policy insuring the plaintiff against liability for property damage "caused by accident", because the damage followed the performance of an "intentional act" which was "reasonably calculated to cause substantial damage."

In the instant case the refusal of the vessel when it reached Pittsburgh to provide medical care to the plaintiff, and its further refusal to permit him to go ashore for medical treatment,[4] were "intentional acts" which were "reasonably calculated" to aggravate the existing injuries. That being so the conduct of the defendant and its results fail to fall within the periphery of the word "accident" as construed by the Pennsylvania decisions earlier discussed.

For the reasons stated the Order of the District Court granting the defendant's motion to dismiss the complaint will be affirmed.

---

4. Para. 6 of the Complaint:
"When the said vessel reached Pittsburgh, Pa., plaintiff requested to be taken to a physician for medical care but the Master refused to permit plaintiff to leave the vessel for medical treatment. This refusal resulted in aggravation of plaintiff's injuries and disabilities."