Concurring Opinion by
Montgomery, J.:
This appeal presents a difficult question, namely, did claimant’s second accident cause a recurrence of the disability which arose from the injuries he sustained in his first accident, or is Ms claim for a new injury caused by Ms second accident? The Board found as a fact that there was a recurrence of the first injury, and the lower court affirmed the finding. That such question is one of fact finds support in Curcio v. Bendik, 109 Pa. Superior Ct. 241, 167 A. 626 (1933).
Appellant, the employer’s carrier at the time of the first accident, argues that there was a new injury in the nature of an accidental aggravation of a pre-existing condition, and relies on Bologna v. Harmar Coal Company, 202 Pa. Superior Ct. 26, 194 A. 2d 349 (1963), in which we affirmed on the opinion of President Judge Lencher of the County Court of Allegheny County, reported at 30 Pa. D. & C. 2d 791. Strangely *221 tlie lower court also cites the same case in support of its decision.
In Bologna, the claimant sustained two accidents. The first occurred on May 7, 1957 when he was injured at work by a log falling on him. He sustained pain and had to use a stick or cane to assist him in walking thereafter, but there was only slight interference with his ability to work. The second injury occurred on January 18, 1958 when he stepped into a hole, fell to the ground and sustained an injury to his lower back where he had evidenced pain following the first accident. Disability followed the second accident. The employer was covered by different insurance carriers at the times the accidents occurred. The lower court held the employer and the second carrier responsible. We affirmed. Gasparovich v. Federal Reserve Bank of Cleveland, 194 Pa. Superior Ct. 137, 166 A. 2d 57 (1960), and Gammaitoni v. Gasparini Excavating Company, 185 Pa. Superior Ct. 643,[1] 139 A. 2d 679 (1958), were cited as authority for such action. However, Gasparovich does not govern the present case because therein the Board found that the first injury of claimant had no causal connection with his second injury. Nor do I find any help in Gammaitoni in which a claim was contested because of an alleged pre-existing condition, such condition being held not a bar to recovery because it was not an exceptional or uncommon condition but a general one common to all men of claimant’s age.
Nevertheless, I do find in both Gasparovich and Gammaitoni a recognition of the fact that pre-existing conditions may vary in character. In Gammaitoni it was the result of age and degeneration, but was held not to have been such as might be considered excep *222 tional as to bar a recovery for disability resulting from a subsequent accident. In Gaspa^rovich it was an exceptional condition caused by an accident, but because of a satisfactory recovery, although not sufficient to restore the claimant back to normalcy, was also held not a bar to recovery for a subsequent accident affecting the same area.
In our present case we have a different situation, an exceptional condition caused by a previous accident from which there had not been a sufficient recovery to rule out the possibility of a recurrence which might have occurred at any time by reason of a trifling incident such as coughing, sneezing, or “anything that causes flexion of the spine”.
In Gallagher v. Hudson Coal Company, 117 Pa. Superior Ct. 480, 483, 178 A. 161 (1935), the difference between a recurrence and the aggravation of a preexisting condition by a second accident is clearly explained in an opinion by President Judge Keller: “The proximate cause of the second accident was the giving way of his leg due to the weakened condition of the tissues about the kneecap, as a result of the first accident. If his leg had been sound and well it would not have given way. If he had tripped over some object and fallen, causing a new injury, this defendant would not have been liable for the resulting disability. But when the leg gave way from weakness, or inflammation, which was the result of the first fall, the disability following the fall, which resulted from this weakness or inflammation, may properly be referred back to the original injury. See Carey v. Wiedlandt & Co., 100 Pa. Superior Ct. 220, and Hornetz v. P. & R. C. & I. Co., 277 Pa. 40, 120 A. 662.” (Emphasis supplied)
The testimony of the claimant’s medical expert, Dr. Rolf Johnson, on the matter of recurrence follows:
*223 “I think more than likely it was the original injury aggravated by the second injury which is the most logical thing. I’m certain the man had a ruptured disk in 1962 and it’s likely — it’s entirely possible that the annular ligament — the ligament that contains the disk — had healed over, but unfortunately, like all herniae, they tend to recur and, probably, the second injury reruptured because, at this time, the symptoms never did subside after the second injury.”
The board found and stated, “Since it appears that claimant’s ailment would have ultimately occurred, as it did in 1964, it would seem to us that responsibility must lie with the party responsible for the injuries occurring in 1962.” I am of the opinion that the record sufficiently supports the finding that the condition of the claimant’s back on April 3, 1964 was so precarious that a recurrence of his disability would probably have occurred upon the slightest provocation and that the accident occurring on that day provided that provocation rather than created a new injury in the nature of an aggravation of a pre-existing condition. I noted and emphasized that distinction in my quote from Gallagher, supra. Whether the fall on April 3, 1964 was sufficient to create a new injury is not demonstrated by the record. However, I think it is demonstrated therein that it was sufficient to and did cause a recurrence of the previous disability.
Therefore, I concur in the order of the majority in affirming the lower court which sustained the Board’s finding that this was not a new injury but was a recurrence of disability from an old injury for which appellant was liable.

 (1) Erroneously cited as 185 Pa. Superior Ct. 463, and (2) 194 Pa. 137, 166 Atl. 57, in the lower court opinion of Bologna.