Flowers v. Canuso & Son et al., Appellants.

Argued October 4, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Paul D. Zentmyer,* for appellants.

*Henry Temin,* and with him *Todd Daniel,* for appellee.

OPINION BY BALDRIGE, J., November 22, 1934:

The only question involved in this compensation case is whether the record contains sufficient evidence to support the finding made by the workmen's compensation authorities, that an injection of antitoxin given the decedent the day he was injured aggravated a condition of chronic myocarditis and later caused his death. Exceptions were dismissed by the learned court below.

The decedent, on October 8, 1931, in the course of his employment, sustained a punctured wound in the back of his left hand. He went to the Lankenau Hospital, where he was given a tetanus antitoxin injection by an interne. The next day, when the wound was redressed, the hand was found to be swollen. On October 12th, the deceased returned to the dispensary, at which time the interne noticed a shortness of breath and difficulty in breathing. He was given an injection of adrenalin and kept in the hospital until October 15, 1931, when he was discharged. He was admitted again to the hospital on October 31, 1931, and was found to be suffering from myocarditis and a coronary affliction. He was discharged on November 20, 1931, but returned on December 24th, and died the next day.

Dr. Sikes, the interne, stated that it was several days after the injection of antitoxin that he noticed

any respiratory impairment or difficulties in the decedent. Dr. Cleary, his family physician, testified that decedent had an acute dilatation of the heart and that while he could not determine to what this was due without hospital facilities, from the history of the case he ascribed it to the injection of the tetanus antitoxin. Dr. Tuff, in answer to a hypothetical question, replied that, in his opinion, tetanus antitoxin caused a serum reaction, which, in turn, precipitated the attack of coronary thrombosis, which subsequently caused decedent's death. The appellants argue that Dr. Tuff's testimony was not competent, as the hypothetical question assumed, without sufficient proof, that there was a serum reaction. From the testimony of Dr. Sikes, it could be reasonably inferred that there was a reaction to the antitoxin. Dr. Bortsh, of the Lankenau Hospital, under whose care the decedent came, was called by defendant and testified that the decedent had had a slight reaction to the antitoxin, although, in his opinion, that did not contribute to or cause his death; that his demise was due to a badly diseased heart.

The appellants argue further that there was no proof of any aggravation, as the existence of a systemic heart condition prior to the injection was not shown. The records of the Jewish Hospital, where the decedent was treated in 1929 for a broken leg, indicated at that time an impaired heart.

It is not vitally important whether the injection directly caused decedent's death, or whether it aggravated a latent diseased heart. While the claimant's evidence was disputed, it was for the compensation authorities, not for the court, to weigh the contradictory evidence, and, they having resolved the conflict in favor of claimant, we are bound thereby.

A review of this entire record convinces us that there

was sufficient evidence to sustain the finding of a causal connection between the injury, its treatment, and the death.

Judgment is affirmed.