Good, Appellant, *v.* Pennsylvania Department of
Property and Supplies et al.

Argued December 2, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Maurice Yoffee,* with him *Caldwell, Fox & Stoner,* for appellant.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude T. Reno,* Attorney General, for appellees.

OPINION BY MR. JUSTICE DREW, January 4, 1943:

Claimant, the widow of F. E. Good, filed a claim for compensation against the Pennsylvania Department of Property and Supplies, as the employer of her deceased husband, alleging that he had died as the result of an accident occurring in the course of his employment. An answer averring that Good's death did not result from an accident sustained in the course of employment was made by the employer, and in this answer the employer's insurance carrier, the State Workmen's Insurance Fund, joined. The referee concluded that Good "died from a condition that naturally would have caused his death without any intervening exertion" and not as the result of an accident. On appeal to the Workmen's Compensation Board this ruling was reversed and the claim was allowed on the ground that death was caused by reason of an "accidental aggravation of a heart condition". From the judgment of the Court of Common Pleas of Dauphin County upholding this award an appeal was taken to the Superior Court which reversed the lower court and entered judgment for the employer. This appeal followed.

Good was employed as a pipe fitter and, on the day of the alleged accident, was seen lifting a bucket of pipe fittings, estimated variously at weighing anywhere from sixty to one hundred pounds, to his shoulder. The only

witness who claimed to have seen him in the act of lifting the bucket testified that: "When he got that can up, lifted that can up, he staggered. He had it on his knee, and then he shoved it up on top [of his shoulder], and the sweat started to pour out of him . . ." Later, he was found at a point seventy-five to one hundred feet away from where the lifting took place sitting on a pile of boards with his head slumped forward. The bucket, still full, was in an upright position some five to ten feet away. Part of his duties as pipe fitter necessitated the lifting of heavy pieces of pipe, quantities of fittings and couplings, radiators and the like. Claimant offered no evidence that her husband had never before lifted such a heavy weight or carried weight on his shoulder.

The medical testimony relative to the cause of death being conflicting, we shall, in view of the Board's finding in favor of the claim, consider only that of Dr. Hawkins, called on behalf of claimant. He attributed the death to coronary occlusion, which he described as an interference with the normal supply of blood to the heart. His examination showed that Good was afflicted with arteriosclerosis, which is a thickening of the walls of the arteries in an inward direction, causing the space for the passage of the blood to be diminished. An artery so affected is more prone to occlusion from increased physical exertion of the body than one of normal size. The witness' opinion was that the exertion put forth by claimant's husband when he lifted the weight to his shoulder caused the occlusion, though he said that a person afflicted with arteriosclerosis might subject himself a considerable number of times to the same amount of effort without sustaining an occlusion. His testimony was: ". . . it is the extra straw that breaks the camel's back; it might not happen the first time, but—it is the continuation." He also stated that more exertion is required to lift and carry a weight on the shoulder than in the hand at the side of the body.

Section 301 of the Pennsylvania Workmen's Compensation Act (June 2, 1915 P. L. 736, as amended)

provides for compensation for the death of an employee by an accident in the course of his employment. Disability overtaking an employee at work is not compensable unless it is the result of an accident: *Gausman v. Pearson Co.*, 284 Pa. 348, 354. An accident is "an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen": *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 578. The factor which is unexpected may lie either in the circumstance causing the injury or in the nature of the injury itself: *Parks v. Miller P. Mach. Co.*, 336 Pa. 455, 458-9. In the first type, a fortuitous happening occurs, but the injury is the natural consequence of that happening. In the second type an ordinary event takes place, but results in an unforeseen injury, as, for example, in *Wolford v. Geisel M. & S. Co.*, 262 Pa. 454, where a healthy piano mover while lifting a piano suffered an abscess, culminating in pneumonia. If an employee already afflicted with a disease suffers in the course of his employment an injury which is the natural result of the disease, there can be no recovery, for there is then neither the fortuitous event to cause the injury, required in the first type of case, nor an unexpected result of an ordinary happening, as in the second type: *Monahan v. Seeds & Durham*, 336 Pa. 67, 70. In the second class it is only where the cause of the injury was unexpected that an employee can recover for an aggravation of an existing ailment, but the fact of injury does not give rise to an inference that its cause was unexpected: *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 410.

It is thus apparent that for recovery to be had in the present case it must be brought within the first-mentioned class. To sustain an award claimant was required to produce evidence showing that the occlusion causing her husband's death was produced by some unexpected exterior event occurring during the course of his employment. This principle was recognized by the referee, the

Board, the Court of Common Pleas, the Superior Court, and by counsel for claimant. The difficulty in claimant's position lies in the complete absence from the record of any evidence of an unexpected occurrence. Claimant is forced to concede that there is no proof that the weight lifted by her husband was greater than any he had ever lifted before, but bases her case on the assertion that he had never lifted such a weight to his shoulder, and that the extra exertion required in raising the bucket to that height was, in view of Dr. Hawkins' testimony, the cause of death. While it is true that it nowhere appears that he had lifted weights to his shoulder, the argument ignores the rule that the burden of proof is on claimant: *Seitzinger v. Ft. Pitt Brewing Co.*, 294 Pa. 253, 258. She was therefore required to prove the unusualness of this type of lifting, and her showing that it took place on this one occasion does not create an inference that it had not occurred previously. She cannot rely on the silence of the record to prove non-existence of material facts. There is nothing to indicate that Good did not carry heavy pipes and fittings on his shoulder in the regular course of his work.

But even if it had been proved that Good never before lifted such a weight to his shoulder, though he had often carried a similar load at his side, we are not of the opinion that such a deviation from his normal manner of carrying would be sufficient to constitute an accident. See *Ferraro v. Pgh. Term. Coal Corp.*, 142 Pa. Superior Ct. 22, where it was said relative to a miner suffering an injury by reason of having shoveled coal left-handed, contrary to his usual practice (p. 29) : "It need only be remarked that while an accident is necessarily something unusual, it does not follow that every unusual occurrence, or deviation from the usual manner of performing work, amounts to an accident."

The instant case is ruled by *Crispin v. Leedom & Warrall Co.* 341 Pa. 325, where a laborer with arteriosclerosis permanently overstrained his heart while

pushing a heavy truck from an elevator which had stopped, as it usually did when loaded, below the floor level. This was a normal part of his work. We said (p. 328) that disability or death merely hastened by the work in which the employee had been regularly engaged could not be treated as accidental, and denied recovery. Mr. Chief Justice SCHAFFER's description of that case fits the situation now before us exactly (p. 329) : "Here, a man with a chronic heart condition, engaged in his customary occupation, under conditions which were not unusual but ordinary, performing an act in which he had engaged on numerous other occasions, further damaged his already damaged heart, not as the result of an accident but in the normal performance of his employment. We are unable to find anything in the Workmen's Compensation Act which would warrant our sustaining his claim."

In the present case the employee's death was caused by a strain upon his already sclerotic arteries, and that strain was the result of a normal amount of exertion necessary for the performance of his duties in the ordinary course of the work in which he was employed. There was no accident, and therefore there can be no recovery, because, as we said in *Monahan v. Seeds & Durham,* supra, p. 74: ". . . the Compensation Act is what it purports to be—an act to compensate for accidental injuries and not one to insure the life and health of the employee."

We deem it unnecessary to discuss in detail the many cases cited by claimant. While the language of some of them may indicate that an aggravation of a pre-existing disease or subnormal condition, incurred by an employee performing labor in the usual manner, constitutes an accident, they are, in view of our subsequent decisions in the *Adamchick* and *Crispin* cases, no longer authoritative.

The judgment of the Superior Court is affirmed.