Gammaitoni *v.* Gasparini Excavating Company
et al., Appellants.

644

Argued March 3, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Penrose Hertzler,* with him *Daniel H. Jenkins,* for appellants.

*Milton J. Kolansky,* for appellee.

OPINION BY ERVIN, J., March 27, 1958:

In this workmen's compensation case both the referee and the board found for the claimant and made an award in his favor. This is an appeal from a judgment entered by the court below sustaining the award. As usual, the only question is whether or not the claimant suffered an accident from which compensable disability resulted.

On April 1, 1953 the claimant was engaged as a common laborer in digging a ditch. The ground in which he was digging was of unusual hardness and the claimant was obliged to put forth extra effort in order to sink his shovel into the ground. While he was so engaged he suddenly discovered bleeding from the

rectum. He reported the fact immediately to his superior and was taken directly to his home where he received medical attention from Dr. Minora, who diagnosed the condition as a procidentia of the rectum and ordered claimant transferred to a hospital. On April 15 an operation was performed for a procidentia by Dr. Leonard Freda. Dr. Moran testified that a "procidentia is the result of loosening and relaxation of the supports of the rectal and upper abdominal wall." Dr. Freda, at the same time on April 15, also removed three groups of hemorrhoids. The referee found: ". . . that this set of circumstances constitutes an accident." He further said: "We find as a fact that as a result of said accident, as the result of strain claimant suffered a complete procidentia of the rectum, that is, the rectum fell outside and at the time the claimant found the seat of his pants covered with blood." The referee also found that "an operation to correct the procidentia was performed by Dr. Leonard Freda on April 15, 1953. . . ."

In its opinion the board said: ". . . on January 12, 1955, Judge HOBAN stated: 'It was for the express purpose of gaining further evidence to determine whether claimant's injury was a normal development of a pre-existing pathological condition or whether it was an unexpected and unusual pathological result occurring in the course of ordinary manual labor usual to the employee's work, that the Board remanded for further investigation." The board also said: "While attempting to excavate said earth, claimant strained himself to a degree that it caused a complete procidentia of the rectum, which totally disabled him to July 1, 1953."

We are compelled to agree with appellants that claimant did not suffer an accident in the ordinary lay understanding of that term. To constitute such an accident it must be shown that the work in which

he was engaged at the time of the occurrence was of a different nature and required a materially greater amount of exertion, risk or exposure than that to which he was ordinarily subjected. *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 409, 3 A. 2d 377; *Rathmell v. Wesleyville Borough*, 351 Pa. 14, 15, 16, 40 A. 2d 28. We, however, are in accord with the determination of the court below that the facts in this case bring it within the well-established principle that where the work or act performed by the employe is voluntary and not marked by any abnormal or unusual feature but where there occurs an unexpected and unusual pathological result, that is to say, where the accident resides in the extraordinary nature of the effect rather than in the cause, it is a compensable accident: *Good v. Pa. Dept. of Property and Supplies*, 346 Pa. 151, 154, 30 A. 2d 434.

A compensable injury may occur in the course of the normal duties of an employe and without over-exertion, when a strain, sprain or twist causes a break or sudden change in the physical structure or tissues of the body—that is, a fracture of the bone or bony cartilage, or a rupture of the softer tissues: *Parks v. Miller Printing Machine Co.*, 336 Pa. 455, 459, 9 A. 2d 742; *Witt v. Witt's Food Market*, 122 Pa. Superior Ct. 557, 186 A. 275; *Camilli v. Pa. R. R.*, 135 Pa. Superior Ct. 510, 513, 514, 7 A. 2d 129; *Gavula v. Sims Co.*, 155 Pa. Superior Ct. 206, 213, 38 A. 2d 482; *Owatt v. Rodman's Beverage*, 169 Pa. Superior Ct. 339, 343, 82 A. 2d 255; *Landis v. General Motors Corp.*, 180 Pa. Superior Ct. 332, 335, 336, 119 A. 2d 645, 647; *Kracoski v. Bernice White Ash Coal Co.*, 183 Pa. Superior Ct. 155, 161, 130 A. 2d 190.

Appellants argue that the court below has substituted its finding of an unexpected pathological result for the board's finding that there was an accident in

the ordinary lay understanding of that term. They also argue that the board based its decision upon the sole finding that there was no accident in the usual lay meaning of the term. With this we do not agree. The board said: "However, we think the evidence justifies the referee's finding that claimant was not doing his usual work in the usual manner but that the shoveling was harder than usual and, while so doing, experienced a strain and that this set of circumstances constituted an accident. See Davis vs. Jones and Laughlin Corporation, 157 Pa. Super. Ct. 133 and kindred cases. As for the hemorrhoids, we might refer defendant to Rovere vs. Interstate Cemetery Company, 164 Pa. Super. Ct. 233, wherein the court said: '. . . disability of a normal, healthy workman, with no physical weakness, other than is common to all men, may be compensable though the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employee's work.' " The *Davis* case is one in which this Court reversed the court below for not following the principle of law to which we have just referred. It is quite clear to us that the board did find an unexpected pathological result and the court below did not substitute such a finding for that of the board.

Appellants also argue that the claimant had a pre-existing condition which was aggravated by a strain which occurred in the usual and ordinary performance of his work rather than as a result of an accident in the lay meaning of that term: *Turek v. Damalak et al.,* 161 Pa. Superior Ct. 84, 85, 53 A. 2d 748. This principle is not applicable because the claimant did not have a pre-existing condition. He did have hemorrhoids but there was no connection between the hemorrhoids and the procidentia. The testimony of Dr. Timothy Moran, called as an expect by the board, is crystal

clear on this subject. Dr. Minora also testified that the hemorrhoids had nothing to do with the procidentia. Though there was some contrary medical opinion on this subject, the board had the right to determine which of the two conflicting opinions it would follow. There being a conflict in the testimony, its finding is binding, not only upon the court below but also upon us. There was adequate testimony to support the finding that the hemorrhoids did not constitute a pre-existing condition to the procidentia.

It is also argued that because the claimant was 68 years of age, he had a pre-existing weakness of the rectal muscles and that this constituted a pre-existing condition. Dr. Timothy Moran testified: "Whatever pre-existing pathology — degenerative pathology — he had from his age—which we all have to some extent at our age—was aggravated by his work. He might have been doing anything, but he was just doing that. I think it was aggravated by that, and the thing that happened happened because of the strain. He could have been on the toilet forcing—he could have been shoveling snow,—anything." This was a physical weakness which is common to all men, or most men, of the claimant's age and is a normal condition and does not in itself bar compensation: *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 63 A. 2d 388. Disability occurring to a normal, healthy workman, with no physical weakness, *other than is common to all men,* may be compensable through the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employe's work. The claimant in this case did not have a pre-existing condition but he had the ordinary weakness in muscular structure common to most, if not all, men in his age bracket. This is not an exceptional or uncommon condition. It may be pre-existing but it is a condition

which is common to nearly all men of this age. It is the result of the ordinary degenerative processes which some medical authorities believe commence in all men as soon as they reach adulthood. Of course, it is more progressive in some individuals than in others. This, however, is merely a matter of degree and does not detract from the fact that its presence is almost universal in all older persons.

Judgment affirmed.