## Traino *v.* Murray Corporation of America, Appellant.

424

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Matthew D. Mackie,* with him *Welles & Mackie,* for appellant.

*Joseph F. Dutka,* for appellee.

OPINION BY WATKINS, J., April 16, 1959:

This is a workmen's compensation case in which the claimant, John Traino, while doing his ordinary work of lifting bathtubs from a conveyor line, sustained a

back injury diagnosed as a herniated lumbar intervertebral disc. The referee allowed compensation, finding that the circumstances constituted an accident. The board reversed and denied compensation.

The evidence shows that claimant had to reach overhead to the conveyor line, remove tubs weighing 140 pounds, then with a twisting back motion, place the tubs in stacks on the factory floor. During one such effort he felt a back pain, subsequently reported to the plant infirmary, and resulting medical examinations indicated the herniated lumbar intervertebral disc. Some temporary total disability resulted and there is also a residual partial disability of 20%, with a corresponding loss of earning power.

The court below found that the board's opinion did not go beyond "the activating cause of the injury as descriptive of its accidental nature" and failed to give consideration to the nature of the result and for that purpose remanded it to the board.

We agree with the court below that the application of the facts by the board to the determination as to whether they indicated an accident within the meaning of the compensation law, is a question of law. The record clearly shows that the board ignored entirely the problem of the causal relationship between the alleged accident and the subsequent physical condition of the claimant. We have held that even though a claimant may not have suffered an accident in the ordinary lay understanding of the term that "When the work or act performed by the employee is voluntary and not marked by any abnormal or unusual feature but there occurs an unexpected and unusual pathological result, that is, where the accident resides in the extraordinary nature of the effect rather than in the cause, there is a compensable accident." *Gammaitoni v. Gasparini Excavating Company*, 185 Pa. Superior

Ct. 643, 139 A. 2d 679 (1958); *Good v. Pa. Dept. of Prop. & Sup.*, 346 Pa. 151, 30 A. 2d 434 (1943).

In order to take this problem into consideration, a factual determination arises out of the board's adoption of that portion of the referee's finding 5, which reads: ". . . We find that his disability is due to aggravation of unstable lumbo-sacral spine"; and the defense raised by the appellant that the injury was a development of a pre-existing physical condition. It is possible for the claimant's injury to have come about during the course of his employment in an ordinary way natural to the progress of a pre-existing disease with which the employee is afflicted, and there would be no recovery of compensation benefits. However, if his injury is due to an accident during the course of his employment, the right to benefits will not be defeated by the fact the employee had a chronic ailment which rendered him more susceptible to injury than an ordinary person would have been. *Monahan v. Seeds & Durham*, 336 Pa. 67, 6 A. 2d 889 (1939).

For that determination we agree with the court below that it is necessary to remit the record to the board.

Decision affirmed.

---

DISSENTING OPINION BY WRIGHT, J.:

I respectfully dissent. Concededly there was no accident in the ordinary lay understanding of the term. Recovery must rest solely on the theory that, in the performance of claimant's normal work, there occurred an unexpected and unusual pathological result. However, such theory does not apply where the disability results from the aggravation of a pre-existing physical weakness. The testimony clearly discloses that claimant suffered from a back condition of long standing,

and that his present disability is simply a recurrence. The Referee expressly states in his fifth finding that claimant's "disability is due to aggravation of unstable lumbo-sacral spine". This finding was not disturbed by the Board. There is no reason to remand the case for a determination of fact which has already been made. The Board's decision should be reinstated and affirmed.