Findon *v.* Nick Chevrolet, Appellant.

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert W. Smith, Jr.,* with him *Smith, Best and Horn,* for appellant.

*John N. Scales,* with him *James L. Nardelli, Irving M. Green,* and *Scales and Shaw,* for appellee.

OPINION BY WRIGHT, J., September 17, 1964:

This is a workmen's compensation case. On November 1, 1960, while employed by Nick Chevrolet as an automobile mechanic, Robert W. Findon, the claimant, allegedly sustained an "injury to vertebrae of back". The Referee made an award for total disability. Upon appeal by the employer's insurance carrier, the Workmen's Compensation Board vacated the Referee's award and dismissed the claim petition. The court below sustained claimant's exceptions and reinstated the award of the Referee. This appeal followed.

Claimant testified that it was part of his regular work to inspect the spare tires in new automobiles. He had lifted a spare tire from the luggage compartment of a Corvair and placed it on the floor. When he attempted to stand up he "felt a snap in my back". The eventual result was surgical removal of the fourth lumbar disc. The record discloses that, while employed by Miller & Taylor in Cleveland in 1956, claimant slipped and fell. On that occasion he sustained a back injury resulting in the surgical removal of the third lumbar disc. Dr. Yanchus testified that, when he removed the

fourth lumbar disc, he found it in a degenerated condition.

It is entirely clear in the instant case, indeed there is no contention to the contrary, that there was no accident in the ordinary lay understanding of that term. Claimant was doing his usual work in his regular and accustomed manner. He did not slip or fall, and was not even doing any lifting when he felt the back pain. He had removed the spare tire and placed it on the floor, and then experienced a "snap" when raising up from his stooped position. The applicable principles were reviewed at length in *Royko v. Logan Coal Co.*, 146 Pa. Superior Ct. 449, 22 A. 2d 434. Briefly restated and reiterated, if there is no accident in the ordinary lay understanding of the term, disability which occurs in the performance of a claimant's usual duties is not compensable if it results from the aggravation of a pre-existing physical weakness. Cf. *Ricketts v. Bell Telephone Co.*, 178 Pa. Superior Ct. 588, 115 A. 2d 818; *Crispin v. Leedom and Worrall Co.*, 341 Pa. 325, 19 A. 2d 400.

The court below took the position that there was insufficient evidence to support the Board's finding that the claimant was suffering from a pre-existing back condition. On the present record this conclusion is plainly erroneous and cannot be sustained. The burden was on claimant to prove all the elements necessary to support an award: *Chernetsky v. William Penn Stripping Co.*, 200 Pa. Superior Ct. 277, 188 A. 2d 770. Since the Board's decision was against the party having the burden of proof, the question for determination by the reviewing court is whether the Board's order can be sustained without a capricious disregard of competent evidence: *Everitt v. Baker Refrigerator Co.*, 197 Pa. Superior Ct. 611, 180 A. 2d 114. Not only can the Board's finding be sustained without a capricious disregard of the evidence, but also it would have been

a capricious disregard of the evidence for the Board to make any other finding. The testimony of Dr. Yanchus clearly established that claimant's third lumbar disc had been previously removed and that the fourth lumbar disc was in an abnormally degenerated condition. The finding of the Board in this regard should not have been disturbed. See *Krasznay v. Milton Ross Metals and New Amsterdam Casualty Co.,* 204 Pa. Superior Ct. 94, 203 A. 2d 393.

The cases upon which claimant relies do not support his position. In *Cole v. Pennsylvania Power & Light Co.,* 197 Pa. Superior Ct. 648, 180 A. 2d 272, we recognized that an unexpected and unusual pathological result may be considered an accident, but expressly pointed out that this rule applies only in cases where the claimant had theretofore been a normal healthy workman with no physical weakness other than is common to all men. The earlier case of *Rovere v. Interstate Cemetery Co.,* 164 Pa. Superior Ct. 233, 63 A. 2d 388, is to the same effect. The cases of *Vitanza v. Iron City Produce Co.,* 131 Pa. Superior Ct. 441, 200 A. 311, and *Traino v. Murray Corporation of America,* 189 Pa. Superior Ct. 423, 150 A. 2d 368, also cited, do not alter the well-established rule.

The order of the court below is reversed, and the claim petition is dismissed.