Wance *v.* Gettig Engineering & Mfg. Co., Inc.
et al., Appellants.

Argued September 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John C. Dowling,* with him *Huette F. Dowling,* and *Dowling and Dowling,* for appellants.

*Lillian G. Raycroft,* with her *Litke, Gettig & Raycroft,* for appellee.

OPINION BY WRIGHT, J., November 12, 1964:

This is a workmen's compensation case. The employer and its insurance carrier have appealed from an order of the Court of Common Pleas of Centre County affirming an award made by the compensation authorities.

Mrs. Emma C. Wance, the claimant, was employed by Gettig Engineering and Manufacturing Company as the operator of a treadle sewing or twisting machine. The performance of this operation required constant pedaling with the right leg from a sitting position. Sometime in January, 1962, claimant experienced pain in her right knee and discovered swelling in that area. This condition became progressively worse and, during the first week of February, 1962, she told the foreman about it. Claimant was thereupon assigned to a different job which did not require use of the knee. However, the condition persisted and, between February 5, 1962, and March 8, 1962, claimant

missed several days work. Claimant was referred by a local physician to Dr. Rodriguez, a specialist in orthopedic surgery, who diagnosed the condition as a torn medial cartilage in the knee. On March 14, 1962, Dr. Rodriguez performed surgery at the Lewistown Hospital. Claimant's knee became quite stiff after the operation and it was subsequently necessary for her to undergo manipulation of the right leg under anesthesia. Claimant eventually recovered satisfactory flexion of the knee joint and returned to her employment. The Referee found that an accident had occurred within the meaning of The Pennsylvania Workmen's Compensation Act,[1] and made an award, affirmed by the Board, for total disability from March 6, 1962, to July 29, 1962, a period of twenty-one weeks.

At the hearing before the Referee the relevant facts, other than those dependent upon medical testimony, were agreed to by stipulation. Dr. Rodriguez was the only witness, and his testimony was uncontradicted. In summary, he stated that claimant was a normal healthy woman who had no previous trouble with her knee or leg, and that the torn cartilage was an unusual pathological result of the continuous pedaling. He testified specifically as follows: "Q. What would cause this? A. The usual bending position in which the cartilage moved over to the utmost and a sudden twist or sudden extension of the knee catches the cartilage and it does not move out of the way fast enough and it gets caught. That is why you see this in football players and in miners".

The sole question before us on this appeal is whether claimant suffered a compensable accident. On a given set of facts, the issue of whether a claimant is entitled to compensation presents a question of law subject to judicial review: *Rosso v. Aetna Steel Products Corp.*, 174 Pa. Superior Ct. 258, 101 A. 2d 392.

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. 1 et seq.

Appellants contend that claimant did not meet the burden to show that her disability resulted from an accident. It is argued that the instant factual situation indicates a gradual injury without sudden incident. Cases are cited from other jurisdictions[2] wherein compensation was denied for bursitis, muscular hypertrophy, nerve degeneration, and bone felon. In those cases, however, the claimant was suffering from a progressive disease rather than from an acute condition caused by a demonstrable injury. It is of course true that, in order to receive compensation, claimant must prove both an accident and an injury, *Cole v. Pa. Power and Light Co.,* 197 Pa. Superior Ct. 648, 180 A. 2d 272, and that the word "accident" is popularly defined as a sudden and unexpected event: *Lacey v. Washburn & Williams Co.,* 309 Pa. 574, 164 A. 724. However, the law is well settled that the factor which is unexpected may lie either in the circumstance causing the injury or in the nature of the injury itself: *Good v. Pa. Department of Property and Supplies,* 346 Pa. 151, 30 A. 2d 434. Where an employe is performing his usual work but there occurs an unexpected and unusual pathological result, the accident resides in the extraordinary nature of the effect rather than in the cause: *Gammaitoni v. Gasparini Excavating Co.,* 185 Pa. Superior Ct. 643, 139 A. 2d 679. The foregoing principle applies only to disability of a normal healthy workman who has no physical weakness other than is common to all men: *Rovere v. Interstate Cemetery Co.,* 164 Pa. Superior Ct. 233, 63 A. 2d 388. Such disability is not compensable if it results from the aggravation of a pre-existing physical weakness: *Findon v. Nick Chevrolet,* 204 Pa. Superior Ct. 99, 203 A. 2d 238.

---

[2] *Carlson v. Batts,* 207 P. 2d 1023 (Idaho); *Carter v. International Detrola Corp.,* 43 N.W. 2d 890 (Michigan); *Young v. Melrose Granite Co.,* 189 N.W. 426 (Minnesota); *Hurd v. Hesse & Hurt,* 172 S.E. 289 (Virginia).

In *Cool v. Curtis-Wright,* 362 Pa. 60, 66 A. 2d 287, cited by appellants, recovery was sought in trespass for an alleged impairment of hearing. The parties admitted that this condition was not compensable under either the Pennsylvania Workmen's Compensation Act or The Occupational Disease Act,[3] and the case is not controlling in the instant situation. The other appellate cases relied upon by appellants can readily be distinguished. In *Loudon v. H. W. Shaull & Sons,* 140 Pa. Superior Ct. 106, 13 A. 2d 129, it was held that typhoid fever was a disease, not an accident. Similarly, in *Kusevich v. H. J. Heinz Co.,* 149 Pa. Superior Ct. 232, 27 A. 2d 778, claimant's skin affliction caused by allergy to soap was held to be a disease and not an accident. In *Landis v. General Motors Corp.,* 180 Pa. Superior Ct. 332, 119 A. 2d 645, and in *Hurlburt v. Fidelity Window Cleaning Co.,* 192 Pa. Superior Ct. 152, 160 A. 2d 251, there was evidence of pre-existing physical weakness.

Appellants would have us attach significance to the circumstance that claimant did not fix the exact date when the cartilage in her knee was torn. However, as appropriately suggested in the opinion of President Judge CAMPBELL for the court below, we are not here concerned with a question involving the statute of limitations, or a question between insurance carriers as to which is liable, or a question as to what wage basis is applicable, or a question turning upon the effective date of a statutory amendment. The instant case does not require a determination of the exact moment the unusual pathological result occurred, and we are all of the opinion that claimant fixed the date with reasonable certainty. Cf. *Cole v. Pa. Power and Light Co.,* supra, 197 Pa. Superior Ct. 648, 180 A. 2d 272.

---

[3] Act of June 21, 1939, P. L. 566, 77 P.S. 1201 et seq.

The appeal is dismissed, and the record is remitted to the court below for the entry of a judgment in favor of the claimant. As so entered, the judgment is affirmed. See *Spry v. Polt,* 186 Pa. Superior Ct. 326, 142 A. 2d 484.