## Gilbert *v.* Aronimink Country Club et al., Appellants.

Argued December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Raymond J. Porreca,* for appellants.

*Carl M. Mazzocone,* with him *Sheer & Mazzocone,* for appellee.

Opinion by Jacobs, J., March 20, 1969:

These appeals to us in a workmen's compensation case question the jurisdiction of the Court of Common Pleas of Philadelphia County to hear claimant-appellee's appeals to that court from decisions of the Workmen's Compensation Board. The record discloses the following salient facts.

On November 6, 1961, claimant Ida E. Gilbert, widow of Francis W. Gilbert, deceased, filed a fatal claim petition under the Workmen's Compensation Act alleging that her husband died on June 14, 1961, as a result of injuries suffered on May 6, 1961, in Delaware County during the course of his employment with defendant Aronimink Country Club. The referee entered an award in favor of the claimant but the Workmen's Compensation Board reversed and later denied a petition for rehearing. The claimant appealed the Board's orders to the Courts of Common Pleas of Philadelphia and the defendant employer and insurance carrier filed petitions to quash on the ground that the Philadelphia courts lacked jurisdiction to hear the appeals. The lower court refused to quash.

Jurisdiction of appeals from the Workmen's Compensation Board is governed by section 427 of the Workmen's Compensation Act, 77 P.S. §872, which provides: "Any party may appeal from any action of the board on matters of the law to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the court of common pleas of any other county of this Commonwealth: . . ."[1]

---

[1] In the absence of agreement of the parties, we have treated the choice of the county as involving jurisdiction of the subject matter rather than venue. See *Jester v. Elec. Power Constr. Co.*, 113 Pa. Superior Ct. 177, 172 A. 154 (1934) ; *Moseman v. Arundel Corp.*, 156 Pa. Superior Ct. 318, 40 A. 2d 131 (1944).

The decedent's initial injuries included a black eye, a bloody nose and a blow to the side of his head, and were incurred in an altercation with a member of the defendant country club on the employer's premises in Delaware County. After first being admitted to a Delaware County hospital, he was transferred to Episcopal Hospital in Philadelphia where he died. The permanent place of business of the adverse party, the defendant employer, was in Delaware County and there was no agreement of the parties to take an appeal to the court of common pleas of any other county. Thus, unless the accident occurred in Philadelphia County, it would appear that none of the statutory conditions which would invest jurisdiction of the subject matter in a Philadelphia Common Pleas Court were present in this case.

The court below, after stating the issue to be "whether or not the accident occurred in Philadelphia County thereby giving the Common Pleas Court jurisdiction for purposes of appeal," held that jurisdiction is properly laid not only in the county where the accident occurred, but also in the county where the accidental force had its final effect. The court reasoned as follows: "An accident for which compensation is sought consists of an unforeseen or untoward event and an injury resulting therefrom. If the situs of the traumatic experience occurs in one place, and a death thereafter ensued, the situs of the accident is the place where the final effect of the traumatic experience manifested itself, and in this case, death occurred in Philadelphia County." Under this analysis, the court found that its jurisdiction for the purpose of appeal was coextensive with the courts of Delaware County.

Although as a general proposition the Workmen's Compensation Act is remedial and should be liberally construed, the section of the Act that permits the ac-

quisition of jurisdiction of the subject matter must be strictly construed. *Casey v. Donut Fair, Inc.*, 211 Pa. Superior Ct. 323, 326, 236 A. 2d 546, 547 (1967). Strict construction requires a finding that the accident occurred in Delaware County or Philadelphia County, but will not permit a construction which in effect holds that one event resulted in two accidents.

Which was the accident here—the traumatic experience in Delaware County or the death in Philadelphia County a month later? The classic definition of "accident" was set forth in *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724 (1933) : "The word accident—as used in the act—must be interpreted in its usual, ordinary, popular sense. Webster has defined it as 'an event that takes place without one's foresight or expectations; an undesigned, sudden, and unexpected event; chance; contingency.'" Id. at 577, 164 A. at 725. The court further said: "The rule deducible from our decisions limits the right to recover compensation to cases where injury or death is due to some unexpected or fortuitous event." Id. at 580, 164 A. at 726. Although this death might qualify as a sudden and unexpected event, it was not an "accident" in the usual and popular sense of the word but the result of an accident. Here death was due to an unexpected and fortuitous event, the altercation in Delaware County, which constituted the accident for the purpose of jurisdiction.

It is true, as appellee contends, that a fatal claim petition filed by a widow is a separate and independent claim which could not accrue until death resulted from the accident. See *Segal v. Segal*, 201 Pa. Superior Ct. 367, 191 A. 2d 858 (1963). But this does not relieve the claimant of her burden to show that her decedent's death was caused "by an accident, in the course of his employment," nor does it change the juris-

dictional rule. Section 301(a) of the Act, 77 P.S. §431, clearly shows that an employer's obligation is to pay compensation for injury or death only if they are the result of an accident. Death is treated as being in the same category with injury and not as synonymous with accident.

Appellee also suggests that the term "accident" has been so intermingled with and included within the definition of the term "injury" that the two concepts are inseparable. Since death can logically be designated the final manifestation of an injury, she argues that it is the final manifestation of the accident as well. This unsupported argument, however, is derived from and should be confined to the reasoning of cases falling within the "unusual pathological result" doctrine. It is well settled that the unexpected or untoward factor—the "accident"—may be either in the circumstances causing the injury or in the nature of the injury itself. *Wance v. Gettig Eng. & Mfg. Co.*, 204 Pa. Superior Ct. 297, 204 A. 2d 492 (1964). In the latter alternative the "accident" resides in the extraordinary exercise of the effect rather than the cause. *Barber v. Fleming-Raugh, Inc.*, 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966). But in any event, this doctrine is applicable only when the employee is engaged in his usual work and his acts are not marked by any abnormal or unusual feature. See *Gammaitoni v. Gasparini Excavating Co.*, 185 Pa. Superior Ct. 643, 139 A. 2d 679 (1958). In the case before us, the decedent's altercation with a member of the defendant country club, whether or not it occurred "in the course of his employment," was clearly not a part of his usual work unmarked by an abnormal feature. The alleged accident factor so clearly lies in the events which occurred on the employer's premises and which caused the origi-

nal injuries that the death cannot be said to be an element of the accident.

The orders of the lower court are reversed and the appeals taken to it from the decisions of the Workmen's Compensation Board are quashed.