Helen Swietlowich, Appellant, *v.* Philadelphia State Hospital and State Workmen's Insurance Fund, Appellees.

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Daniel J. McAleer,* with him *Thomas F. McDevitt, P. C.,* for appellant.

*Milton D. Soiferman,* Special Assistant Attorney General, for appellees.

OPINION BY JUDGE ROGERS, November 2, 1973:

This is a workmen's compensation case. Helen Swietlowich had worked for eleven years supervising mental patients performing steam table work in a dining room of the Philadelphia State Hospital. On May 1, 1967, as Ms. Swietlowich moved to answer a tele-

phone, her left foot "turned and stretched" and "[her] bones cracked." She could not walk and her foot swelled. The following day she began treatments as a hospital outpatient. In August it was discovered by x-ray that Ms. Swietlowich had suffered a fracture of the metatarsal of her left foot. She was unable to return to work until September 5, 1967.

A workmen's compensation referee awarded compensation. The Workmen's Compensation Board reversed the referee, the Court of Common Pleas of Philadelphia County affirmed the Board and Ms. Swietlowich has appealed here.

The issue is, of course, whether there was an accident. The claimant contends that the circumstances bring her case within the unusual pathological result rule. We agree. The rule holds that there may be a compensable accident although an employee is performing his usual work in his usual manner if an unexpected and unusual pathological event occurs. The accident resides in the nature of the injury. *Barber v. Fleming-Raugh, Inc.*, 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966). Four elements have been established as being common to unusual pathological result cases: (1) that the employee was at the time of his injury performing his ordinary and usual work; (2) that the injury which resulted from the performance of that work was unexpected; (3) that a definable event, or series of events, caused the sudden onset of the unexpected injury; and (4) that a break or change in the physical structure or tissues of the body occurred. *See Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972). The claimant's cause clearly meets all of these requirements. She was doing her normal and usual work; a fractured bone is an unexpected pathological result of walking; the movement toward the telephone was the event which caused the injury; and the claimant suffered a broken bone. We add for completeness

that the record establishes that she was a normal healthy woman with no history of foot trouble before the accident. This is a classic case for the application of the rule. *Wance v. Gettig Engineering & Mfg. Co., Inc.,* 204 Pa. Superior Ct. 297, 204 A. 2d 492 (1964).

### ORDER

And now, this 2nd day of November, 1973, the Order below is reversed; judgment is entered in favor of Helen Swietlowich and against State Workmen's Insurance Fund and Philadelphia State Hospital for compensation at the rate of $52.50 per week beginning May 31, 1967 and continuing thereafter up to, but not including September 5, 1967, and judgment is entered in favor of the claimant and against the defendants in the amount of $40.50 medical expenses paid.